# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

COURT OF APPEALS

**FILED**

JAN 1 1 2000

**CHARLES R. FULBRUGE III**
**CLERK**

_____

No. 98-51133
_____

D.C. Docket No. SA-96-CV-1079 OG

REBECCA GARCIA, Individually and as next friend of Stephanie Renee Garcia, a minor; ROGELIO GARCIA; ROMONA GARCIA; SYLVIA M GARCIA; YOLANDA GARCIA, Individually and a/n/f of Roxanne Garcia, Rafael Garcia, Minors, ET AL

**FILED**

FEB 1 0 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

Plaintiffs - Appellants

v.

CONOCO INC; ET AL

Defendants

CONOCO INC; CONQUISTA PROJECT CORPORATION; CONTINENTAL OIL CO; CHEVRON CORPORATION; CHEVRON RESOURCES; EXXON CORPORATION; GENERAL ATOMICS, doing business as General Atomics Corp; TOTALE INC; CHEMICAL WASTE MANAGEMENT INC; CHEMICAL WASTE MANAGEMENT OF TEXAS, INC; TOTALE CORPORATION; TOTAL AMERICAN MINING, INC; MALAPAI RESOURCES COMPANY; EVEREST MINERALS CORPORATION; PIONEER CORPORATION; PIONEER NUCLEAR INC; ATLANTIC RICHFIELD COMPANY; SUSQUEHANNA-WESTERN INC; RIO GRANDE RESOURCES CORPORATION; INTERCONTINENTAL ENERGY CORPORATION; URANIUM RESOURCES INC; GILBERT CONSTRUCTION COMPANY OF TEXAS, INC; GILBERT CONSTRUCTION COMPANY II; GILBERT CONSTRUCTION COMPANY; OXY MINERALS CORPORATION; MO-VAC INCORPORATED; E G GONZALES TRUCKING & PAVING; BUDDY SMITH DRILLING COMPANY; GARCIA CONSTRUCTION; BAY INC, doing business as Bay Materials; DAHLSTROM CONSTRUCTION CO; DAHLSTROM INTERNATIONAL INC; DAHLSTROM ENTERPRISES INC; DAHLSTROM HOLDING CORPORATION; DAHLSTROM TRUCKING COMPANY, INC; HAVANNA INC, doing business as Havanna Materials; HELDENFELS BROTHERS INC; INTERNATIONAL ENGINEERING COMPANY; SCOTT DAVIDSON TRUCKING; DAVIDSON CONSTRUCTION & TRUCKING; MARCOS GARCIA; G P MATERIALS INC; MCKENZIE CONTRACTORS INC; MCKENZIE MATERIALS INC; BROWN & ROOT INC; LONE STAR DRILLING COMPANY INC; LONE STAR DRILLING CORPORATION; LONE STAR STATE DRILLING CORPORATION; LONE STAR FOUNDATION DRILLING INC; LONE STAR DRILLING COMPANY; BEACKLEY DRILLING; TEPCORE DRILLING INC; CHEM-WASTE MANAGEMENT; REDGY SUYLLIVAN DRILLING; CENTURY GEOPHYSICAL CORP; CENTURY GEOPHYSICAL MOBILE SERVICE; ANACONDA COMPANY; PAWALEX SUPPLY; DSI; WESTINGHOUSE ELECTRIC CORPORATION; REX LILLY SANDBLASTING; WYOMING MINERALS; GREYBACK CONSOLIDATED INC; BUCKALOO INC; ANALOG; HERBIE MCNITCH WATERWELL SERVICES; JOHN DOE COMPANIES

Defendants - Appellees

36

Appeal from the United States District Court for the
Western District of Texas, San Antonio.

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.


J U D G M E N T

This cause came on to be heard on the record on appeal and
was argued by counsel.

ON CONSIDERATION WHEREOF, it is now here ordered and adjudged
by this Court that the judgment of the District Court in this cause
is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to
defendants-appellees the costs on appeal to be taxed by the Clerk of
this Court.

ISSUED AS MANDATE: FEB 0 2 2000

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
                        Deputy

New Orleans, Louisiana

OP-OA-J-1

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
F I L E D

JAN 1 1 2000

CHARLES R. FULBRUGE III
CLERK

———————————————————

No. 98-51073

———————————————————

CRECENSIO ACUNA; LEONARDO ACUNA, Individually and as next
friend of Pedro Acuna, Leonardo Acuna, Jr. & Genaro Acuna,
Minors; HELEN LEAL ALANIZ, Individually and as next friend
of Abel Alaniz, Jr., Justin Alaniz & Nicole Alaniz, Minors;
CONSUELO R. AGUERO, Individually and as next friend of Mark
Anthony Aguero & Anna Marie Aguero, Minors; JOSE LUIS
AGUERO, JR., Individually and as next friend of Patrick T.
Aguero, a Minor; ET AL

        Plaintiffs-Appellants,

    v.

BROWN & ROOT INC.; ET AL,
        Defendants

BROWN & ROOT INC.; CHEVRON USA INC., Individually, as
parent, and successor in interest to Chevron Resources
Company, a division of Chevron Industries, Inc.; CONOCO,
INC.; CONTINENTAL OIL COMPANY; EXXON CORPORATION; RIO GRANDE
RESOURCES CORPORATION; GENERAL ATOMICS, doing business as
General Atomics Corp.; ATLANTIC RICHFIELD COMPANY, as
successor in interest to Anaconda Company; INTERCONTINENTAL
ENERGY CORPORATION, doing business as IEC Corporation

        Defendants-Appellees.

*    *    *

———————————————————

No. 98-51133

———————————————————

REBECCA GARCIA, Individually and as next friend of Stephanie
Renee Garcia, a minor; ROGELIO GARCIA; ROMONA GARCIA; SYLVIA M.
GARCIA; YOLANDA GARCIA, Individually and as next friend of
Roxanne Garcia, Rafael Garcia, Minors, ET AL

        Plaintiffs - Apellants

v.

CONOCO INC; ET AL

Defendants

CONOCO INC; CONQUISTA PROJECT CORPORATION; CONTINENTAL OIL CO;
CHEVRON CORPORATION; CHEVRON RESOURCES; EXXON CORPORATION;
GENERAL ATOMICS, doing business as General Atomics Corp; TOTALE
INC; CHEMICAL WASTE MANAGEMENT INC; CHEMICAL WASTE MANAGEMENT OF
TEXAS, INC; TOTALE CORPORATION; TOTAL AMERICAN MINING, INC;
MALAPAI RESOURCES COMPANY; EVEREST MINERALS CORPORATION; PIONEER
CORPORATION; PIONEER NUCLEAR INC; ATLANTIC RICHFIELD COMPANY;
SUSQUEHANNA-WESTERN INC; RIO GRANDE RESOURCES CORPORATION;
INTERCONTINENTAL ENERGY CORPORATION; URANIUM RESOURCES INC;
GILBERT CONSTRUCTION COMPANY OF TEXAS, INC; GILBERT CONSTRUCTION
COMPANY II; GILBERT CONSTRUCTION COMPANY; OXY MINERALS
CORPORATION; MO-VAC INCORPORATED; E G GONZALES TRUCKING & PAVING;
BUDDY SMITH DRILLING COMPANY; GARCIA CONSTRUCTION; BAY INC, doing
business as Bay Materials; DAHLSTROM CONSTRUCTION CO; DAHLSTROM
INTERNATIONAL INC; DAHLSTROM ENTERPRISES INC; DAHLSTROM HOLDING
CORPORATION; DAHLSTROM TRUCKING COMPANY, INC; HAVANNA INC, doing
business as Havanna Materials; HELDENFELS BROTHERS INC;
INTERNATIONAL ENGINEERING CO; SCOTT DAVIDSON TRUCKING; DAVIDSON
CONSTRUCTION & TRUCKING; MARCUS GARCIA; G P MATERIALS INC;
MCKENZIE CONTRACTORS INC; MCKENZIE MATERIALS INC; BROWN & ROOT
INC; LONE STAR DRILLING COMPANY INC; LONE STAR DRILLING
CORPORATION; LONE STAR STATE DRILLING CORPORATION; LONE STAR
FOUNDATION DRILLING INC; LONE STAR DRILLING COMPANY; BEACKLEY
DRILLING; TEPCORE DRILLING INC; CHEM-WASTE MANAGEMENT; REDGY
SUYLLIVANT DRILLING; CENTURY GEOPHYSICAL CORP; CENTURY
GEOPHYSICAL MOBILE SERVICE; ANACONDA COMPANY; PAWALEX SUPPLY;
DSI; WESTINGHOUSE ELECTRIC CORPORATION; REX LILLY SANDBLASTING;
WYOMING MINERALS; GREYBACK CONSOLIDATED INC; BUCKALOO INC;
ANALOG; HERBIE MCNITCH WATERWELL SERVICES; JOHN DOE COMPANIES

Defendants - Appellees

-----------------------------------
Appeals from the United States District Court
for the Western District of Texas
-----------------------------------
January 11, 2000

Before GARWOOD, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The above-captioned cases were consolidated on appeal. They present the common issue of whether jurisdiction in the federal courts is appropriate under the Price Anderson Act, 42 U.S.C. § 2210(n)(2), where plaintiffs have alleged tortious injury arising from uranium mining activity. Plaintiffs-appellants also appeal the imposition of certain pre-discovery orders and argue, in the alternative, that they satisfied any burdens placed upon them and that their cases should not have been dismissed. As discussed below, we find that jurisdiction was proper under 42 U.S.C. § 2210(n)(2) and that dismissal of the cases was proper.

## I. *Facts and Procedural History*

Crecension Acuna and other plaintiffs, in total numbering over one thousand, brought suit in Texas state court against defendant companies for alleged personal injuries and property damage arising from defendants' uranium mining and processing activities. Rebecca Garcia and approximately 600 other plaintiffs brought suit alleging similar claims against a partially overlapping set of defendants, most of whom were also engaged in uranium mining activities in another area of Texas.

In both cases, plaintiffs alleged that they were exposed to and injured by the defendants' mining and processing activities. Some plaintiffs worked in uranium mines or processing plants, while others alleged exposure to radiation or uranium dust or

--3--

tailings through contact with family members who worked in the mines or through environmental factors such as wind and groundwater. Plaintiffs alleged a range of injuries as well as durations and intensities of exposure.[1]

Both suits were filed in Texas courts, alleging causes of action under state law. Defendants removed the cases to the federal district court for the Western District of Texas, where they were treated as related cases. Over plaintiffs' objections, that court asserted jurisdiction under the Price Anderson Act, 42 U.S.C. § 2210(n)(2). First in *Acuna* and then in *Garcia*, the court issued pre-discovery scheduling orders that required plaintiffs to establish certain elements of their claims through expert affidavits. Those affidavits had to specify, for each plaintiff, the injuries or illnesses suffered by the plaintiff that were caused by the alleged uranium exposure, the materials or substances causing the injury and the facility thought to be their source, the dates or circumstances and means of exposure to the injurious materials, and the scientific and medical bases for the expert's opinions.

In response to the order issued in *Acuna*, plaintiffs submitted just over one thousand form affidavits from a single expert, Dr. Smith. Those affidavits identified a series of

---

[1] Plaintiffs also originally alleged property damage, but the latter claim appears to have been dropped at the district court and does not form part of this appeal.

--4--

illnesses and effects that can occur as a result of uranium exposure and stated that the relevant plaintiff suffered from some or all of them. The affidavits stated that Dr. Smith had reviewed the plaintiff's medical data and had come to the conclusion that exposure to uranium and its byproducts had reached clinically significant doses. The affidavits went on to list all of the mining facilities covered in the lawsuit as responsible for each plaintiff's exposure and routes of exposure as including inhalation, ingestion, and direct skin contact. The affidavits also included a list of scientific studies and materials.

The magistrate judge found that the affidavits did not comply with the scheduling order, reiterated some of the requirements of the order, and gave plaintiffs an additional month to comply. Plaintiffs then submitted additional affidavits by Dr. Smith and two other experts. Some individuals were identified in these affidavits as suffering from particular diseases but the other required information was not provided regarding their claims. The supplemental affidavits did not provide any new information regarding the specific claims of the vast majority of plaintiffs. The magistrate judge found that these additional affidavits still failed to meet the specificity requirements of the order and recommended that the case be dismissed. The district court issued a memorandum and order

--5--

dismissing the case.

An identical pre-discovery order was issued some months later in *Garcia.* Plaintiffs in that case submitted only one affidavit by Dr. Smith, designed to cover all plaintiffs' claims. Following the magistrate judge's recommendation, the district court dismissed the case for failure to comply with the order. Plaintiffs in both cases appeal.

## II. *Analysis*

### A. *Federal Jurisdiction*

Plaintiffs in both cases contend that removal was improper under the Price Anderson Act. They argue that neither the statutory language nor Congressional intent confers federal jurisdiction over claims arising from uranium mining and related activities. Defendants counter that the Act was meant to create federal jurisdiction over all claims connected to the nuclear power and weapons industries, including the mining and processing of uranium.

The district court's exercise of jurisdiction is reviewed de novo, *see Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995), and doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). We find that the Price Anderson Act does confer

--6--

exclusive federal jurisdiction over the claims in this case.

The Price Anderson Act sets up an indemnification and limitation of liability scheme for public liability arising out of the conduct of the nuclear energy and weapons industries.  The jurisdictional provision in question here, 42 U.S.C. § 2210(n)(2), was amended in 1988 to expand jurisdiction. Previously, only those claims arising out of an "extraordinary nuclear occurrence" were subject to automatic federal jurisdiction.  The section now reads, in relevant part:

> (2) With respect to any public liability action arising out of or resulting from a *nuclear incident*, the United States district court in the district where the incident takes place . . . shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy.  Upon motion of the defendant . . . any such action pending in any State court . . . shall be removed or transferred to the United States district court having venue under this subsection.

42 U.S.C. § 2210(n)(2).  42 U.S.C. § 2014 defines "nuclear incident" as encompassing any occurrence causing personal or property damage arising out of the toxic, radioactive, explosive, or other hazardous properties of atomic or byproduct materials.

Plaintiffs seek to limit Price Anderson's jurisdictional grant, relying on a lengthy exposition of the history of the Act and an intricate series of interpolations from definitions elsewhere in the legislation.  Taken together, their arguments would posit the following: the jurisdictional grant contained in § 2210(n)(2) is meant only to apply to singular, accidental

--7--

events at a contract location subject to the indemnification portion of the Act that is not located in a state which regulates its own uranium industry pursuant to an agreement with the Nuclear Regulatory Commission [NRC]. Such a tortured interpretation is unnecessary and runs counter to the plain language of the statute as well as the Congressional intent behind the 1988 amendment of § 2210(n)(2).

There is nothing in the definition of "nuclear incident" which suggests it should be contingent on whether the occurrence took place in a state which regulates its own uranium industry under NRC guidelines or whether the facility is covered under the separate indemnification portions of the Act. "Nuclear incident" is not limited to a single, catastrophic accident: indeed, one purpose behind the 1988 amendments was to expand the scope of federal jurisdiction beyond actions arising from "extraordinary nuclear occurrences" only. *See Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1502 (10th Cir. 1997). Plaintiffs' attempts to reintroduce the limitations of "extraordinary nuclear occurrence" into the 1988 amendments' substitution of "nuclear incident" rely on faulty statutory interpretation and are contrary to Congressional intent. *See Carey v. Kerr-McGee Chem. Corp.*, 60 F.Supp.2d 800, 803-07 (N.D. Ill. 1999) (analyzing history and impact of § 2210(n)(2) and refuting the same arguments made by plaintiffs in the instant case contained in *Gilberg v. Stepan*

--8--

*Co.*, 24 F.Supp.2d 325 (D.N.J. 1998)).

Courts that have considered the general question of the scope of jurisdiction under the 1988 amendments have found that Congress intended to create an exclusive federal cause of action for torts arising out of nuclear incidents. *See, e.g., Roberts v. Florida Power & Light Co.*, 146 F.3d 1305 (11th Cir. 1998); *In re Three Mile Island II*, 940 F.2d 832 (3d Cir. 1991).

Uranium extraction and processing are part of the nuclear weapons and power industries, and therefore come within the ambit of § 2210(n)(2). *See Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997) (Act creates federal cause of action for continuing trespass from a uranium processing plant); *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498 (10th Cir. 1997) (Act would preempt state suit for injuries arising from uranium mining and processing). *Cf. In re Cincinnati Radiation Lit.*, 874 F.Supp. 796, 832 (S.D. Ohio 1995) (injuries resulting from medical experimentation with radiation not intended to come under § 2210(n)(2)). The district court's exercise of removal jurisdiction under 42 U.S.C. § 2210(n)(2) was proper.

B. *Pre-trial Procedure in the District Court*

Plaintiffs contend that the pre-discovery orders requiring expert support for the details of each plaintiff's claim imposed too high a burden for that stage of litigation. In the

--9--

alternative, they argue that they in fact complied with the orders and that their cases should be remanded for discovery and trial. The district court's dismissal of plaintiffs' claims in *Garcia* is reviewed for plain error, because plaintiffs did not make a timely objection to the magistrate judge's recommendation of dismissal. *See Douglass v. United States Automobile Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996) (en banc); *see also Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120, 1123-24 (5th Cir. 1997). Plaintiffs did file an objection in *Acuna*, and the district court therefore conducted a de novo review of the recommendation to dismiss. We review the district court's dismissal order under Fed.R.Civ.P. 16(f) for abuse of discretion. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

The pre-discovery orders in issue are of a type known as *Lone Pine* orders, named for *Lore v. Lone Pine Corp.*, No. L-33606-85 (N.J. Super. Ct. 1986). *Lone Pine* orders are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation. In the federal courts, such orders are issued under the wide discretion afforded district judges over the management of discovery under Fed.R.Civ.P. 16.

In these two cases, treated as related in the district court, there are approximately one thousand six hundred

--10--

plaintiffs suing over one hundred defendants for a range of injuries occurring over a span of up to forty years. Neither the defendants nor the court was on notice from plaintiffs' pleadings as to how many instances of which diseases were being claimed as injuries or which facilities were alleged to have caused those injuries. It was within the court's discretion to take steps to manage the complex and potentially very burdensome discovery that the cases would require. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir. 1985) (noting district court's authority to manage and develop complex litigation discovery).

The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed.R.Civ.P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries. *See Beanal v. Freeport-McMoran, Inc.*, -- F.3d --, 1999 WL 1072274 *4 (5th Cir.) (plaintiff's complaint is insufficient where it is devoid of "names, dates, locations, times, or any facts that would put [defendant] on notice as to what conduct supports . . . his claims"). The affidavits supplied by plaintiffs did not

--11--

provide this information.  The district court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

### III.  *Conclusion*

We find that the Price Anderson Act, 42 U.S.C. § 2210(n)(2), conferred federal jurisdiction over the cases before us and that removal was therefore proper.  We also find that the district court's pre-discovery orders and orders of dismissal were not abuses of its discretion.  We therefore AFFIRM the judgments of the district court.